UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KENNETH CLAY, on behalf of
himself and those similarly situated,

    Plaintiff,        CASE NO.:

vs.

ELEGANT SERVICE, INC., a
Domestic Profit Corporation, and
SAYEED IMRAN, individually,

    Defendants.
_____/

**COLLECTIVE ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, KENNETH CLAY ("Plaintiff"), on behalf of himself and other hourly employees and former employees similarly situated, by and through their undersigned counsel, files this Collective Action Complaint against Defendants, ELEGANT SERVICE, INC., a Domestic Profit Corporation ("Elegant Service"), and SAYEED IMRAN, individually ("Imran") (Elegant Service and Imran hereinafter collectively referred to as "Defendants"), and states:

**INTRODUCTION**

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).

2. To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

3. Plaintiff was and is a non-exempt employee for Defendants and throughout his employment, Defendants deprived Plaintiff of proper overtime compensation for his hours worked in excess of forty (40) hours each week.

## JURISDICTION

4. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et seq.*

## PARTIES

5. At all times material hereto, Plaintiff was a resident within the jurisdiction of the Northern District of Georgia.

6. Further, at all times material hereto, Plaintiff was an hourly-paid non-exempt hospitality staff employee and performed related activities for Defendants in Atlanta, Georgia.

7. At all times material hereto Defendant, Elegant Service was, and continues to be a Domestic Profit Corporation, engaged in business in Atlanta,

Georgia.

8. At all times material hereto, Imran was, and continues to be engaged in business in Atlanta, Georgia.

9. At all times material hereto, Imran was, and continues to be, an individual resident of Atlanta, Georgia.

10. At all times material hereto, Imran was, and continues to be the owner and operator of Elegant Service.

11. At all times material hereto, Imran managed and operated Elegant Service on a day-to-day basis.

12. At all times material hereto, Imran regularly exercised the authority to hire and fire employees of Elegant Service.

13. At all times material hereto, Imran determined the work schedules for the employees of Elegant Service.

14. At all times material hereto, Imran controlled the finances and operations of Elegant Service.

15. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

16. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

17. Defendant, Elegant Service, was, and continues to be, the "employer"

within the meaning of FLSA.

18. Defendant, Imran, was, and continues to be, the "employer" within the meaning of FLSA.

19. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

20. Based upon information and belief, the annual gross revenue of Defendants is and was in excess of $500,000.00 per annum for all relevant time periods.

21. At all times material hereto, Defendants, had more than two employees handling, or otherwise working with tools, materials, equipment and goods that previously had moved in interstate commerce.

22. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

23. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

24. At all times Plaintiff was subject to the coverage of the FLSA because he was employed in a residential nursing home which cared for the aged and/or infirm.

25. The additional persons who may become Plaintiffs in this action are/were employees for Defendants, who held similar positions to Plaintiff, were

similarly compensated on an hourly basis who:

    a.    worked in excess of forty (40) hours during one or more workweeks during the relevant time periods but did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours in a single work week.

26. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

27. Elegant Service is a company that provides hospitality staffing services to individuals or facilities requiring hospitality services.

28. In December 2021, Defendants hired Plaintiff to work as an hourly-paid non-exempt hospitality staff employee for a nursing home, Peachtree Hills, through Defendant, Elegant Service.

29. From at least December 2021 and continuing through the present, Defendants failed to compensate Plaintiff at a rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours in a single work week. See Plaintiff's paystub attached hereto as **Exhibit "A"**.

30. Plaintiff should be compensated at the rate of one and one-half times his regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

31. During times relevant to the claim, Plaintiff worked in excess of forty (40) hours within most, if not all, work weeks.

32. However, Plaintiff was not properly compensated for all of his overtime hours worked throughout the duration of his employment.

33. Defendants have violated Title 29 U.S.C. §207 from at least December 2021 and continuing through the present in that:

    a. Plaintiff worked in excess of forty (40) hours per week in most, if not all, work weeks during his period of employment as a Hospitality Staff Employee with Defendants;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

    c. Defendants have failed to maintain proper time records as mandated by the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff and the class members were all hourly-paid "hospitality staff employees" and performed the same or similar job duties as one another in that they worked as hospitality staff employees for Defendants and their clients.

35. Plaintiff and the class members were subjected to the same pay provisions in that they were all hourly-paid, but were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek.

36. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

37. Defendants' failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that "hospitality staff employees" are/were paid for overtime hours worked based on the Defendants' common timekeeping and pay scheme whereby it requires its hospitality staff employees to work far in excess of 40 hours per week, refuses to credit all hours worked and thus, refuses to pay for all such overtime hours worked.

38. These policies or practices were uniformly applicable to Plaintiff and the class employees.

39. Application of these policies or practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

40. Rather, the same policies and/or practices which resulted in the non-payment of overtime to Plaintiff applied and continue to apply to all class employees. Accordingly, the class employees are properly defined as:

> **All hourly-paid employees who worked for Defendants within the last three years who were paid "straight time" or their regular**

**hourly rates for some or all hours over 40 hours in one or more workweeks.**

41. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and the class members.

42. Defendants and their affiliates have repeatedly been subjected to litigation and claims regarding their failure to properly pay its employees proper overtime compensation for the excessive overtime hours it requires and expects them to work. Nonetheless, Defendants continue to refuse to pay its hospitality staff employees for the overtime hours they are suffered/permitted/required to work, instead paying such employees "straight time" rather than time and half for some or all of their overtime hours worked.

43. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

44. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least time-and-one-half for all hours worked in excess of 40 hours in a work week.

45. Defendants have acted intentionally in failing to pay Plaintiff and the class members in accordance with the law.

46. Defendants have failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

47. Plaintiff realleges and reavers paragraphs 1 through 46 as if fully set forth herein.

48. From at least December 2021, and continuing through the present, Plaintiff worked in excess of the forty (40) hours per week.

49. Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

50. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours.

51. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

52. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay

for the hours worked in excess of forty (40) hours per work week when they knew, or should have known, such was, and is due.

53. Defendants have failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

54. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

55. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other similarly situated Employees and members of the Class, respectfully requests that this Court grant the following relief:

a. Conditional certification of this action as a collective action pursuant to 29 U.S.C. § 216(b) and issuance of court-approved notice to all similarly situated employees;

b. A declaration, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

c. Awarding Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

d. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

f. Awarding Plaintiff pre-judgment and/or post-judgment interest;

g. Ordering any other further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues as triable as a matter of right by jury.

Dated:  July 11, 2022    Respectfully submitted,

*/s/ Andrew R. Frisch*
ANDREW R. FRISCH
Georgia Bar No.: 366105
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone: (954) WORKERS
Facsimile:  (954) 327-3515
E-mail: AFrisch@forthepeople.com

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
CASE NO.:

**KENNETH CLAY**,
Individually, and on behalf of
others similarly situated,

      Plaintiff,

v.

**ELEGANT SERVICE, INC.,**
**and SAYEED IMRAN, individually,**
      Defendants.

_____/

### CONSENT TO JOIN COLLECTIVE ACTION AND BE REPRESENTED BY MORGAN & MORGAN

- I <u>Kenneth Clay</u>, consent to join the above styled lawsuit seeking damages for unpaid wages under the FLSA;
- I am similarly situated to the named Plaintiff in this matter because I performed similar duties for the Defendant and was paid in the same regard as the named Plaintiff;
- I authorized the named Plaintiff to file and prosecute the above referenced matter in my name, and on my behalf, and designate the named Plaintiff to make decisions on my behalf concerning the litigation, including negotiating a resolution of my claims;
- I agree to be represented by Morgan & Morgan, counsel for the named Plaintiff;
- In the event this action gets conditionally certified and then decertified, I authorize Plaintiff's counsel to reuse this Consent Form to re-file my claims in a separate or related action against Defendant.

Date:     4/4/2022

Signature:   *Kenneth Clay*